IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| **HOWARD PAUL GUIDRY,** § | |
| § | |
| Petitioner § | **MISCELLANEOUS NO. H-12–441** |
| § | |
| § | |

## ORDER APPOINTING COUNSEL

Pending before the Court is Petitioner's Motion for Appointment of Counsel (**Instrument No. 1**).

Section 848(q)(4)(B) of Title 21 provides:

In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate legal representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys . . . .

The Supreme Court has determined that the right to federally appointed counsel "includes a right to legal assistance in the preparation of a habeas corpus application" and that "a 'post conviction proceeding' within the meaning of § 848 (q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." *McFarland v. Scott*, 114 S. Ct. 2568, 2572-73 (1994). Petitioner clearly has a statutory right to federally appointed counsel before filing a federal habeas petition. However, the Fifth Circuit has indicated that "read as a whole, the statute provides counsel only for proceedings after the end of state court proceedings." *In re Joiner*, 58 F.3d 143, 144 (5th Cir. 1994) (holding that petitioner has no right to assistance from federally appointed counsel or experts to exhaust state remedies); *see also Sterling*

*v. Scott*, 57 F.3d 451, 458 (5th Cir. 1995) (noting that petitioner could refile federal habeas petition and seek federally appointed counsel after completing exhaustion), *cert. denied*, 116 S. Ct. 715 (1996). District courts from other circuits have declined to appoint counsel before the conclusion of state proceedings absent a showing of exceptional circumstances, e.g., an imminent execution date. *Death Row Prisoners of Pennsylvania v. Ridge*, 948 F. Supp. 1278, 1281 (E.D. Pa. 1996) (refusing appointment of counsel for petitioners seeking declaratory judgment); *U.S. ex rel. Whitehead v. Page*, 914 F. Supp. 1541, 1542-43 (N.D. Ill. 1995) (finding petitioner's motion for appoint of counsel to prepare federal habeas petition "a tad premature" because of pending state post-conviction proceedings).

The Court finds that the interests of justice dictate that the habeas Petitioner have assistance of counsel to go forward. Petitioner's Motion for Appointment of Counsel is hereby **GRANTED**. It is, therefore **ORDERED** as follows:

1. **Edward A. Mallett**
   **Mallett Saper Berg, LLP**
   **600 Travis St., Suite 1900**
   **Houston, TX 77002**
   **(713) 236-1900**
   **(713) 228-0321 (Fax**
   **www.mgscounsel.com**

   **AND**

   **Gwendolyn Payton**
   **Lane Powell**
   **1420 5th Avenue, Suite 4100**
   **Seattle, WA 98101**
   **(206) 223-7746**
   **(206) 223-7101**
   paytong@lanepowell.com

are appointed to represent Petitioner in this cause.

2.     Within ten (10) days from the date of this order, appointed counsel shall enter an appearance on Petitioner's behalf.

3.     At counsel's request, the Clerk shall provide counsel with copies of all instruments which have been filed in this cause of action.

4.     From the date of this order forward, the Court will consider only motions filed by counsel of record. All pro se motions filed after the appointment of counsel will be stricken from the record, and further pro se motions will be returned to the sender without being considered.

The Clerk shall enter this Order and provide all parties with a true copy.

SIGNED on this the 24th day of July, 2012, at Houston, Texas.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE